**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Crispin L. Collins (SBN 311755)
crispin.collins@nelsonmullins.com
Nick Ladin-Sienne (SBN 322071)
nick.ladinsienne@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:    424.221.7400
Facsimile:     424.221.7499

Attorneys for Defendant
Tawkify, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JEREMY STANFIELD, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>TAWKIFY, INC. and DOES 1-25,<br><br>                    Defendants. | Case No. 3:20-cv-07000-WHA<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>**TAWKIFY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[Filed concurrently with Declaration of Kellie Ammerman in support of Tawkify's Opposition; [Proposed] Order]<br><br>Date:         November 19, 2020<br>Time:        8:00 a.m.<br>Ctrm:        12, 19th Floor<br><br>Judge William H. Alsup |

### I. Introduction

Plaintiff Jeremy Stanfield ("Plaintiff") challenges this Court's jurisdiction on the ground that Tawkify, Inc.'s ("Tawkify") removal notice and its plausible allegations based on the Complaint do not suffice to establish removal jurisdiction over this matter under the Class Action Fairness Act ("CAFA"). Plaintiff is mistaken.

First, a notice of removal need only contain a short and plain statement of the grounds for removal and may rely on the allegations of the complaint to establish that the amount in controversy under CAFA has been met. Tawkify did just that. A plain reading of Plaintiff's Complaint confirmed that the putative class at issue here is *at least* two thousand persons. (*See* Compl. ¶ 42 noting that "thousands" of consumers have purchased Tawkify's services in the relevant period.) Plaintiff also alleged that his claims were typical of the putative class and that he, as proposed class representative, suffered damages of at least $3,700, which does not include the alleged treble damages to which he (and the putative class) is entitled. Whether Plaintiff's damages are trebled across a potential class of two thousand persons or not, but particularly if they are trebled, on the face of the Complaint the CAFA jurisdictional threshold was met.

Second, until the jurisdictional amount has been challenged either by the Court or by Plaintiff in a motion to remand, Tawkify had no obligation to provide additional evidentiary support (*e.g.*, a declaration) to establish that the CAFA threshold had been met. Plaintiff's allegation in the Complaint that the CAFA jurisdictional threshold had not been met was self-serving, conclusory, and inconsistent with other allegations in the Complaint. Tawkify was entitled to rely on the allegations of the Complaint that supported CAFA jurisdiction.

Third, now that Plaintiff has moved to remand, Tawkify offers the additional evidentiary support that until now was not required to be submitted, which further establishes that Plaintiff has placed more than $5,000,000 in controversy through his allegations and claims for relief in the Complaint. Specifically, over the purported class period (2016-2020), Tawkify has had at least 17,000 clients nationwide who have, on average, purchased services amounting to at least five hundred dollars ($500) per client. That more than adequately meets the CAFA jurisdictional threshold. Plaintiff's motion for remand, therefore, should be denied.

## II. Statement of Issues Pursuant to L.R. 7-4(a)

Whether Tawkify has met its evidentiary burden in opposition to Plaintiff's motion to remand by demonstrating that Plaintiff has placed more than $5,000,000 in controversy.

## III. Facts Relevant to Removal Under CAFA

Tawkify has provided matchmaking services to more than 17,000 clients across the United States in approximately the past four years. *See* Declaration of Kellie Ammerman ("Ammerman Decl."), ¶ 4. On average, Tawkify's clients purchased services amounting to at least five hundred dollars ($500) per client for matchmaking services from 2016 through September 8, 2020. *Id.*, ¶ 5.

Plaintiff alleges a putative nationwide class in the "thousands." Compl. ¶¶ 41-42. For this putative class, Plaintiff claims entitlement to "full and complete restitution of all amounts collected from Class members," including treble damages. *Id.* ¶¶ 5, 68.

## IV. Tawkify Has Provided Evidence that Plaintiff's Allegations Placed More than $5,000,000 in Controversy

Under CAFA, federal courts have original jurisdiction over putative class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015)*;* 28 U.S.C. § 1332(d). Plaintiff challenges the amount in controversy in Tawkify's Notice of Removal [ECF No. 1]. *See, e.g.,* Mot. at 3:17-26. Plaintiff's challenge is belied by both the allegations of his Complaint and the evidence Tawkify now offers.[1]

First, a notice of removal need only contain a short and plain statement of the grounds for removal. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). Allegations in a complaint that on their face reveal that the jurisdictional threshold has been met suffice. *See*

---

[1] Plaintiff's counsel attached email correspondence amongst counsel for the parties and misconstrued that correspondence in its motion to remand. *See* Mot. at 4:2-4. At no time did Tawkify's counsel "threaten" Plaintiff's counsel regarding Tawkify's intent to reserve its rights to recover any and all relief to which it would be entitled for unnecessary motion practice. A plain reading of the email correspondence confirms this fact, as well as the fact that it was Plaintiff's counsel who first raised the prospect of seeking fees in connection with these issues. *See* Schreiber Decl., Exh. C.

*Ibarra*, 775 F.3d at 1197; *see also Lokey v. CVS Pharmacy, Inc.*, No. 20-cv-04782-LB, 2020 WL 5569705, *4 (N.D. Cal. Sept. 17, 2020) (holding that a plaintiff who identifies restitution as a theory of recovery and alleges facts indicating an intent to seek a full refund has provided the necessary facts for a plausible allegation of the amount in controversy). This is true even when, as here, the complaint contains conclusory allegations that the CAFA jurisdictional threshold has not been met. *See Lokey*, 2020 WL 5569705, at *6 ("The plaintiff cannot limit [his] damages and thereby bind the class, especially given that the complaint was silent about the amount in controversy.").

A plain reading of Plaintiff's Complaint, however, confirmed that the putative class at issue here is ***at least*** two thousand persons. *See* Compl. ¶ 42 (noting that "thousands" of consumers have purchased Tawkify's services in the relevant period). In his motion, Plaintiff claims that Tawkify somehow performed improper "arithmetic" to arrive at a class size and amount in controversy that plausibly meets the CAFA jurisdictional amount. *See* Mot. at 3:17-24. The opposite is true. Tawkify relied on the number of putative class members Plaintiff proffered (*i.e.*, "thousands" amounts to at least two thousand) and Plaintiff's allegation that his claims are "typical" of the putative class—and he, as proposed class representative, suffered damages of at least $3,700, which does not include the alleged treble damages to which he (and the putative class) is entitled. *See* Compl. ¶¶ 5, 44. Whether Plaintiff's damages are trebled across a potential class of two thousand persons or not, but particularly if they are trebled, on the face of the Complaint the CAFA jurisdictional threshold was met.[2]

Second, when the plaintiff challenges federal court jurisdiction in a motion to remand, as Plaintiff has now done here, the removing defendant may ***then*** produce evidence outside the complaint, including affidavits, declarations, and other summary-judgment-type evidence. *Ibarra*, 775 F.3d at 1197. To assess the amount in controversy, the removing defendant may rely on "a chain of reasoning that includes assumptions." *Id.* at 1199. A removing defendant need only show that jurisdictional damages are "possible" not that they are "probable." *See Greene v.*

---

[2] Tawkify disputes that Plaintiff, and the putative class, is entitled to any relief or damages, and expressly reserves the right to challenge the merits of Plaintiff's (or the putative class') claims at the appropriate time.

*Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020). As set forth in Tawkify's President's supporting declaration, the Complaint places far more than $5,000,000 in controversy here. *See* Ammerman Decl., ¶ 5. Plaintiff seeks "full and complete restitution of all amounts collected" by Tawkify from the putative nationwide class from 2016 to judgment. Compl. ¶¶ 41, 68. Based on Ms. Ammerman's declaration, the Court can reasonably infer that more than $5,000,000 for the relevant period is in controversy, because an average of at least $500 per client would be at least $8,500,000 in controversy.

While Tawkify disputes that Plaintiff, and the putative class, suffered any damages, Tawkify has nevertheless met its jurisdictional burden under CAFA at this stage. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247-48 (9th Cir. 2012) (finding jurisdiction established where the defendant showed facts that made it merely "*possible*" that certain damages were "in play").

### V. Conclusion

For the foregoing reasons, Tawkify respectfully requests that the Court deny Plaintiff's motion to remand. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964-65 (9th Cir. 2020) (holding that, absent evidentiary submissions by the plaintiff, the district court must accept all allegations in the removal notice as true and draw all reasonable inferences in the removing defendant's favor to assess the sufficiency of the allegations "as a legal matter to invoke the court's jurisdiction").

Dated: November 2, 2020      Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:   */s/ Jahmy S. Graham*
      Jahmy S. Graham
      Crispin L. Collins
      Nick Ladin-Sienne

      Attorneys for Defendant
      Tawkify, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the forgoing with the Clerk of court using the CM/ECF system and I served a copy of the forgoing pleading on all counsel for all parties via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed November 2, 2020 at Torrance, California.

Jenny Prado                                           By:   */s/ Jenny Prado*
   Print Name                                                        Signature