1  **NELSON MULLINS RILEY & SCARBOROUGH LLP**
   Jahmy S. Graham (SBN 300880)
2  jahmy.graham@nelsonmullins.com
   Priscilla Szeto (SBN 305961)
3  priscilla.szeto@nelsonmullins.com
   Crispin L. Collins (SBN 311755)
4  crispin.collins@nelsonmullins.com
   19191 South Vermont Avenue, Suite 900
5  Torrance, CA 90502
   Telephone:   424.221.7400
6  Facsimile:   424.221.7499

7  Attorneys for Defendant
   TAWKIFY, INC.
8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

11

| JEREMY STANFIELD, on behalf of himself and all others similarly situated, | Case No. 3:20-cv-07000-WHA |
|---|---|
| Plaintiff, | Assigned to Hon. William H. Alsup |
| v. | **DECLARATION OF JAHMY S. GRAHAM IN SUPPORT OF TAWKIFY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| TAWKIFY, INC., et al.; and DOES 1 -25, | |
| Defendants. | |
| | [Filed concurrently with Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and the Declaration of Thane Schultz in support thereof] |
| | Hearing Date: July 22, 2021<br>Hearing Time: 8:00 a.m.<br>Courtroom:    12 |
| | Date Removed: October 7, 2020<br>Date Filed:   August 17, 2020 |

## DECLARATION OF JAHMY S. GRAHAM

I, Jahmy S. Graham, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and before this Court, and I am a partner with Nelson Mullins Riley & Scarborough LLP, attorneys of record for Defendant Tawkify, Inc. ("Tawkify") in this action. I submit this Declaration in support of Tawkify's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. I make this declaration based on personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently as to the matters set forth in this Declaration.

2. A true and correct copy of transcript of the March 25, 2021 hearing in this action is attached hereto as **Exhibit A**.

3. A true and correct copy of Plaintiff's First Set of Requests for Production of Documents to Defendant Tawkify **Exhibit B**.

4. Tawkify timely responded and properly objected to Plaintiff's First Set of Requests for Production of Documents to Defendant Tawkify by or before its deadline.

5. Plaintiff did not move to compel further responses or production by or before his statutory deadline to do so.

6. A true and correct copy of transcript of the January 27, 2021 hearing in this action is attached hereto as **Exhibit C**.

7. On March 26, 2021, after the Court issued its Order limiting discovery to Plaintiff's individual issues only, Plaintiff's counsel emailed me to informally request further responses to a select number of requests from the discovery set served on November 25, 2020, and from the interrogatories served on January 15, 2021. Tawkify timely responded and properly objected to these discovery requests.

8. As these requests were previously intended to seek information about the putative class, Plaintiff offered to narrowly tailor the served requests to his individual issues only. Tawkify agreed to provide further responses and produce responsive documents to the narrowed requests, thus obviating the need for Plaintiff to serve new discovery requests. Tawkify's further responses and document production, including the recording at issue, were produced on April 22, 2020. Despite

1  Plaintiff's claims that the call being recorded was a secret, Tawkify readily and prominently produced the recording. It was not buried in a voluminous production. It was in a single folder of a production of just 29 documents and was the **only** audio file produced.

9. A true and correct copy of excerpts of Plaintiff's Response to Defendant Tawkify, Inc.'s Requests for Admission, Set One is attached hereto as **Exhibit D**.

10. A true and correct copy of excerpts of the Transcript of Plaintiff Jeremy Stanfield's Deposition in this action is attached hereto as **Exhibit E**.

11. On June 3, 2021, approximately one week after Plaintiff's deposition, Plaintiff's counsel emailed Tawkify's counsel to advise—for the first time—that he would seek leave to file a second amended complaint.

12. On June 8, 2021, Plaintiff filed his Motion and served a Notice of Deposition of Tawkify's Person Most Knowledgeable, in which Plaintiff identified Tawkify's policies on call recordings as a deposition subject matter. Tawkify served objections to the deposition notice, including as to exceeding the limited scope authorized by the Court. Tawkify also reasserted its scope objections, including on the recording issue, at the deposition on the record.

13. A true and correct copy of excerpts of Plaintiff's Supplemental Responses to Defendant Tawkify, Inc.'s Interrogatories, Set One is attached hereto as **Exhibit F**.

14. A true and correct copy of excerpts of a Transcript of Plaintiff's June 26, 2020 call with Tawkify Member Services ("MS") department / representative is attached hereto as **Exhibit G**. The transcript was prepared by a third party certified court reporting agency, First Legal, which has been used by the parties in this action for depositions to date.

15. A true and correct copy of excerpts from the Transcript of the Deposition of Tawkify's Rule 30(b)(6) witness in this action, Thane Schultz, is attached hereto as **Exhibit H**.

16. A true and correct copy of email correspondence between my office and Plaintiff's counsel's office on June 23-24, 2021 is attached hereto as **Exhibit I**. This email correspondence comprises our request that Plaintiff produce a copy of the written confirmation he received from Tawkify confirming that his call with MS would be recorded.

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Torrance, California on June 29, 2021.

*/s/ Jahmy S. Graham*
Jahmy S. Graham