**Pages 1 - 47**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William Alsup, Judge

```
JEREMY STANFIELD, on behalf of )
himself and all others         )
similarly situated,            )
                               )
          Plaintiff,           )
                               )
   VS.                         )   NO. C 20-07000-WHA
                               )
TAWKIFY, INC.,                 )
                               )
          Defendant.           )
                               )
```

San Francisco, California
Thursday, March 25, 2021

**TRANSCRIPT OF REMOTE TELECONFERENCE PROCEEDINGS**

**APPEARANCES**: (Appearances via AT&T Teleconference.)

For Plaintiffs:
          CONN LAW, PC
          345 Pine Street, 5th Floor
          San Francisco, California 94104
     **BY: ELLIOT J. CONN**
          **ATTORNEY AT LAW**

          OLIVIER SCHREIBER & CHAO LLP
          201 Filbert Street - Suite 201
          San Francisco, California 94133
     **BY: CHRISTIAN SCHREIBER**
          **HANNAH M. SHIREY**
          **ATTORNEYS AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
             Official Reporter, CSR No. 12219

```
 1   present all the material that is pertinent to that treated as
 2   summary judgment.
 3       Then Rule 56, which is the second part of the one-two
 4   punch, similarly says that the opponent gets an opportunity
 5   to -- being the plaintiff here -- to take discovery to meet the
 6   issues that are presented by the motion.
 7       Now, here, Tawkify does seek to rely upon extrinsic
 8   evidence outside the four corners of the complaint and relies
 9   on policies and accounting records, and Stanfield will not
10   stipulate to their authenticity.  It's just going too far
11   outside the four corners of the complaint to make me feel
12   comfortable throwing a cause out on Rule 12.
13       I do think there is a question here about standing, but
14   I'm not willing to rule on it on this record.
15       And I think if I did, the Court of Appeals would say I
16   acted too hastily.  And I want there to be a full
17   opportunity -- you don't have to take the opportunity, but
18   there will be a full opportunity for both sides to take the
19   depositions of everyone who has anything to do with these two
20   dates, anyone who had anything to do with setting up the two
21   dates, anyone that had anything to do with getting this account
22   to begin with, including whether Mr. Stanfield knew good and
23   well that he had the rights under the statute or not, what he
24   knew about that, when he first learned about his ability to get
25   a refund, and so forth.
```

1    So I'm going to let you take those depositions and to
2    get -- and to get document discovery from each other on that,
3    on those questions.  However, classwide discovery will not be
4    allowed at this point.
5        I usually do allow classwide discovery at this point, but
6    I think in this case, there is enough of a standing question
7    that it's premature, and we should limit the case to discovery
8    for the moment to what happened with Mr. Stanfield and his
9    dealings with the company and particular dates and so forth.
10       So I'm not going to grant or deny these motions.  I'm
11   going to hold the motion to dismiss in abeyance, treat it as a
12   motion for summary judgment, and give each side an opportunity
13   to take discovery and file supplemental briefs.
14       So I suggest that about two months would be enough time,
15   but if you want a little bit more than that, I would be willing
16   to give you more time to take the discovery.
17       So let me hear first from the defendant.  How much time do
18   you think you need to take discovery and to give discovery?
19            **MR. GRAHAM:**  Thank you, Your Honor.
20       I defer to the Court.  I'm happy to meet and confer with
21   plaintiffs, if the Court would allow us.  Otherwise, I would
22   say 90 days as opposed to 60 days.  But I'm happy to meet and
23   confer with plaintiffs to come to an agreement on both sides
24   with the Court's approval.
25            **THE COURT:**  I'm willing to do 90 days.  I can see all

1  important to me to see if it's the plaintiff or the defendant,
2  or maybe in a rare case they are both being angels.  So that's
3  the way I'll deal with that one.
4      Now, your first question was about one-way intervention.
5  I'm not going to solve that problem for you.  If I throw your
6  case out before class certification, I throw your case out
7  before class certification, and there is no problem on one-way
8  intervention.  One-way intervention problem, I can't let that
9  guide the way I handle a case.
10     So to me, the practical -- I think there is a 50/50 chance
11 this case will get thrown out on summary judgment.  That's
12 not -- that's just 50-50.  It could go either way.  But I'm
13 going to go down the path of evaluating that, and if the answer
14 is yes, I throw it out, then that's the way it is.  The judge
15 threw it out, and maybe I'll get reversed on appeal.
16     So there.  That's the best I can do on your question.
17     All right.  Does the defense have any questions?
18         **MR. GRAHAM:**  No, Your Honor.
19         **THE COURT:**  All right.  That's what the schedule is
20 going to be.
21     I want to say one other thing to the defendant.
22     If you went back and looked at the number of times -- I
23 think I've got a pretty good track record in the Court of
24 Appeals, at least just average.
25     If you went back and looked at the number of cases, the

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Saturday, March 27, 2021

_____

Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court