Christian Schreiber (Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 484-0980
Fax: (415) 658-7758

Elliot Conn (Bar No. 279920)
elliot@connlawpc.com
CONN LAW, PC
354 Pine Street, 5th Floor
San Francisco, California 94104
Tel: (415) 417-2780
Fax: (415) 358-4941

*Attorneys for Plaintiff Jeremy Stanfield and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCSICO DIVISION

| | |
|---|---|
| JEREMY STANFIELD, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TAWKIFY, INC.<br><br>Defendant. | Case No: 3:20-cv-07000-WHA<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TAWKIFY, INC.**<br><br>Hon. William H. Alsup |

| | |
|---|---|
| **PROPOUNDING PARTY:** | JEREMY STANFIELD, PLAINTIFF |
| **RESPONDING PARTY:** | DEFENDANT TAWKIFY, INC. |
| **SET NUMBER:** | ONE |

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Tawkify, Inc. ("Defendant") is hereby required to produce for inspection and copying at the offices of Conn Law, PC, 354 Pine Street, 5th Floor, San Francisco, CA 94104, within thirty (30) days of the date of service hereof, the original and all non-conforming copies of each and every of the DOCUMENTS described below which are in the actual or constructive possession, custody, or control of Defendant, including its attorneys, agents, officers and employees. Pursuant to Paragraph 4 of the Court's February 12, 2018, SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE, these requests will be deemed served as of the date of the Parties' FRCP 26(f) conference. Defendant is also required to serve upon the demanding party a written response to this set of DOCUMENT requests in conformity with the requirements of Fed. R. Civ. P. 34(b) (2).

## DEFINITIONS

1. "CLASS PERIOD" means the period of time beginning four years preceding the filing of the Complaint in this action, *i.e.* August 17, 2016, up to and including the time of trial.

2. "COMMUNICATION(S)" means any actual or attempted contact, or any transmittal or exchange of information by which meanings are exchanged, between or among any two or more persons and shall include, but not be limited to, written contacts by such means as letters, memoranda, faxes, email or other electronic exchange, reports, correspondence, and other DOCUMENTS or electronic media, or oral contacts by such means as face-to-face meetings, telephone conversations, and voicemail, and/or any other process.

3. "CONCERN(S)" is defined as to relate to, regard, describe, or constitute. "CONCERNING" is defined as relating to, regarding, describing, or constituting.

4. "DATING SERVICE CONTRACT" shall have the same meaning as that term is used in California Civil Code Section 1694.

5. "DOCUMENT" or "DOCUMENTS" shall mean the full scope of DOCUMENTS and things discoverable under the Federal Rules of Civil Procedure and is used herein in its broadest sense to include, without limitation, all written, printed, typed, recorded or graphic matter of any kind, including drafts, originals, copies and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, employment records, contracts, examination and investigation reports, agreements, cancelled or uncancelled checks, memoranda, notes, minutes of meetings, diaries, calendars, reports, studies, checks, statements, sales agreements, negotiable instruments, invoices, receipts, tax returns, financial statements, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations (including, without limitation, telephone conversation or meeting notes), bulletins, computer printouts, teletypes, telefax, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures), and electronic, mechanical or computerized records or representations of any kind (including writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form), regardless of the manner in which the record has been stored. This definition is specifically intended to include information and all data stored electronically, as well as information and data printed on paper. This definition specifically includes any information and data, including databases and emails, recorded on or retrievable from any computer or electronic media, and further includes, without limitation, originals and all non-conforming copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS whether or not used, in the possession, custody, or control of defendants, their agents, attorneys, or any other PERSONS acting on their behalf, regardless of where located.

6. "EVIDENCE, REFER, OR RELATE TO" and "EVIDENCING, REFERRING, OR RELATING TO" mean to in any way or manner refer to, reflect, pertain to, substantiate,

support, form the basis of, arise out of, embody, concern, or logically or factually connect with the matter discussed.

7. "EMPLOYEE" includes former employees.

8. "FORM" means that portion of the text of a DOCUMENT intended to be used in connection with more than one customer, and which is intended to be individualized for a customer by adding to the DOCUMENT information specifically related to the customer or customer's account or contract, for example, the customer's name, address and account-related information.

9. "IDENTIFY" with respect to a person means the person's name and last known address, phone number, and email address.

10. "PERSON" includes natural persons, corporations, firms, partnerships, proprietorships, associations, limited liability corporations or partnerships, professional corporations, government entities or organizations, and any other organization or entity, and their predecessors, successors, subsidiaries, affiliates, assigns, assignors, employees, officers, directors, agents and attorneys.

11. "PLAINTIFF" refers to the named Plaintiff in this action, Jeremy Stanfield.

12. "PUTATIVE CLASS MEMBERS" has the meaning set forth as the Class Definition in the operative complaint on file herein.

13. "REPORT(S)" means a DOCUMENT stored, prepared, compiled or generated in any manner by any of YOUR EMPLOYEES, officers, accountants, auditors, or any agent, vendor, consultant or independent contractor, to compile or summarize any information with respect to any subject concerning any aspect of YOUR business, including but not limited to daily, weekly, monthly or annual reports regarding the activities of a department or status of accounts with respect to which a department is conducting business activities.

14. "YOU," "YOUR," "DEFENDANT," and "TAWKIFY" include DEFENDANT to whom this Request for Production is directed, together with any EMPLOYEES, representatives, administrators, investigators, inspectors, agents, attorneys, or any other PERSONS who are in

possession of or who may have obtained information for DEFENDANT or on DEFENDANT'S behalf, any other PERSON known or reasonably known by them to be acting or purporting to act for DEFENDANT or on DEFENDANT'S behalf, and any PERSONS in active concert and participation with them, and each of its or their predecessors, successors, subsidiaries, affiliates, assigns, assignors, EMPLOYEES, officers, directors, agents and attorneys, whether past or present, without regard to whether or not the relationship currently exists or has been terminated.

15. "And" and "or" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa; the word "all" also includes "each" and vice versa; "any" is understood to include and encompass "all."

**INSTRUCTIONS**

1. YOU are requested to produce those DOCUMENTS in YOUR own possession, custody, or control, and also those DOCUMENTS reasonably available to YOU, including those in the possession, custody, or control of YOUR present and former attorneys, agents, or other PERSONS acting on YOUR behalf, and those DOCUMENTS that YOU can request from others.

2. If YOU object to a portion of a request or subpart thereof, produce any and all DOCUMENTS called for by that portion of the request or subpart to which YOU do not object.

3. Defendant is instructed to comply with Paragraph 24 of the Court's February 12, 2018 SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE with respect to all DOCUMENTS withheld on the basis of privilege. Further, with respect to each DOCUMENT that is withheld on a claim of privilege, state in YOUR written response:

    (a) The identity of the PERSON(S) who prepared the DOCUMENTS, who signed it, and over whose name it was sent or issued;

    (b) The identity of the PERSON(S) to whom the DOCUMENT, or any copies thereof, was directed;

    (c) The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties hereto to identify the DOCUMENT;

(d) The date of the DOCUMENT;

(e) The identity of the PERSON(S) who has (have) custody or, or control over the DOCUMENT and each copy thereof;

(f) The identity of each PERSON to whom copies of the DOCUMENT were furnished.

(g) The number of pages;

(h) The basis on which any privilege or other protection is claimed; and

(i) Whether any non-privileged or non-protected matter is included in the DOCUMENT.

4. If YOU are unable to identify or produce fully any of the DOCUMENTS responsive to these requests, YOU must provide them to the fullest extent possible, specifying in YOUR response the reason(s) for YOUR inability to provide the remainder and stating whatever information, knowledge or belief YOU have concerning the DOCUMENTS not produced. An evasive or incomplete answer or failure to produce may be deemed to be a failure to answer or produce, and may render YOU and YOUR attorneys liable for the expenses of a motion to compel a responsive or complete answer or production, including reasonable attorneys' fees.

5. All of the following requests for production call for continuous production and, as such, require timely supplemental production by YOU in the event that, prior to final disposition of this action, additional relevant information or DOCUMENTS come to the attention of, or become available to YOU, YOUR attorneys, consultants, representatives, agents or any other PERSON acting on YOUR behalf. Without being requested by PLAINTIFF, YOU must promptly amend any response and produce DOCUMENTS if YOU learn YOUR response hereto have been incomplete or incorrect in some material respect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

6. Wherever appropriate, in connection with these DOCUMENT requests, definitions and instructions, the use of the singular includes the plural and the use of the plural

includes the singular.

## RELEVANT TIME PERIOD

The relevant time period for these DOCUMENT requests, unless otherwise indicated, shall be from August 17, 2016 to the present, and shall include all DOCUMENTS dated, prepared, published, received or that EVIDENCE, REFER, OR RELATE TO such time period, even though prepared or published prior or subsequent to that time period.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS that CONCERN PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 2:**

All REPORTS which reflect the total number of PUTATIVE CLASS MEMBERS.

**REQUEST FOR PRODUCTION NO. 3:**

All REPORTS which reflect the total dollar amount that PUTATIVE CLASS MEMBERS paid to YOU.

**REQUEST FOR PRODUCTION NO. 4:**

All REPORTS which reflect the total dollar amount that YOU have refunded to each PUTATIVE CLASS MEMBER.

**REQUEST FOR PRODUCTION NO. 5:**

All FORM DATING SERVICE CONTRACTS that YOU have used at any time during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of YOUR "Refund Policy" that YOU have used at any time during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 7:**

All versions of YOUR "Client Agreement" that YOU have used at any time during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 8:**

All versions of YOUR "Tawkify Terms of Use" that YOU have used at any time during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 9:**

All FORM DOCUMENTS related to YOUR matchmaking services that YOU provided to customers at any time during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding providing prospective customers with documents containing any terms governing their relationships with YOU, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding the provision to PUTATIVE CLASS MEMBERS of contracts that include or are accompanied by their right of to cancel the contract, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding the provision of notification to PUTATIVE CLASS MEMBERS of their right to cancel the contract with YOU, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding compliance with the California Dating Service Contracts Act, California Civil Code § 1694, *et seq.*, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding the provision of refunds to PUTATIVE CLASS MEMBERS of any amounts paid to YOU, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS which CONCERN any change in policy, change in practice, or change in procedure made or implemented by YOU, at any time after the filing of this lawsuit, CONCERNING the right of a customer to cancel their contract with YOU, including but not limited to information about the notification of such rights to customers, as well as written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to IDENTIFY all PUTATIVE CLASS MEMBERS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which CONCERN any change in policy, change in practice, or change in procedure made or implemented by YOU, at any time after the filing of this lawsuit, CONCERNING compliance with the California Dating Service Contracts Act, California Civil Code § 1694, *et seq.*, including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS in use at any time during the CLASS PERIOD which CONCERN YOUR policies, practices, and procedures regarding the training, qualifications, and standards for YOUR "expert matchmakers," including but not limited to written policies and guidance materials, manuals, and training materials.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to demonstrate how YOUR "expert matchmakers" are paid for their work for YOU (e.g. whether they are employees or independent contractors, and whether they are paid on an hourly, salary, or commission basis).

**REQUEST FOR PRODUCTION NO. 20:**

All email communications between YOU and PUTATIVE CLASS MEMBERS relating to a request for any refund or cancellation during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS CONCERNING complaints made by PUTATIVE CLASS MEMBERS during the CLASS PERIOD about YOUR matchmaking services.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of each insurance policy that may cover YOU, in whole or in part, for the damages CONCERNING the claims alleged in the complaint in this action.

DATED: November 25, 2020          Respectfully submitted,

OLIVIER SCHREIBER & CHAO LLP
CONN LAW, P.C.

_____
Elliot Conn
CONN LAW, PC
ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASS

# PROOF OF SERVICE

Re: *Stanfield v. Tawkify, Inc.*
USDC, Northern District of California, Case No. 3:20-cv-07000-WHA

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is Conn Law, PC, 354 Pine Street, 5th Floor, San Francisco, CA 94104. On November 25, 2020, I served the following document(s):

- **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TAWKIFY, INC.**

on the interested parties in this action by emailing true and correct copies thereof to the email addresses below and by placing a true copy thereof enclosed in an envelope addressed to each as follows:

Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Crispin L. Collins (SBN 311755)
crispin.collins@nelsonmullins.com
Priscilla Szeto (SBN 305961)
priscilla.szeto@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

[X]   **BY EMAIL:** A copy of the above-mentioned documents were served on the interested parties in this action by transmission via email, addressed to the persons to be served at the email addresses shown above.

Executed on November 25, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Spencer Janssen