```
                                          Pages 1 - 70

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

      BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

JEREMY STANFIELD,                  )
                                   )
          Plaintiff,               )
  VS.                              ) NO. 20-cv-07000 WHA
                                   )
TAWKIFY, INC.,                     )
                                   ) San Francisco, California
          Defendant.               )
_____)

                                   Wednesday, January 27, 2021
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**: (By AT&T Teleconference)

For Plaintiff:
        CONN LAW, PC
        345 Pine Street
        Fifth Floor
        San Francisco, California  94104
  BY: **ELLIOT J. CONN, ESQ.**

        OLIVIER SCHREIBER & CHAO LLP
        201 Filbert Street
        Suite 201
        San Francisco, California  94133
  BY: **CHRISTIAN SCHREIBER, ESQ.**

For Defendant:
        NELSON MULLINS RILEY & SCARBOROUGH LLP
        19191 South Vermont Street
        Suite 900
        Torrance, California  90502
  BY: **JAHMY S. GRAHAM, ESQ.**
     **PRISCILLA SZETO, ESQ.**

Reported By: **BELLE BALL, CSR 8785, CRR, RDR**
        Official Reporter, U.S. District Court

1    issues -- but that there are some discovery disputes brewing,
2    that the defense has taken the position that they are
3    premature, given that the Court needs to rule on whether the
4    matter is going to stay before it in this motion to compel
5    arbitration, because if it goes into arbitration, discovery is
6    handled by the arbitrator.  And we would like the Court to at
7    least hear the parties' positions on that that are set forth on
8    the CMC statement.
9             **THE COURT:**  Well, I'll look at the CMC statement
10   later.  But there's no way I'm going to look at discovery
11   disputes until I get this arbitration problem decided, because
12   it may go to an arbitrator.
13            **MR. GRAHAM:**  Yes, Your Honor.  And that's what we
14   were --
15            **THE COURT:**  I will just tell you, as a matter of
16   policy I do not bifurcate discovery in class -- purported
17   class actions, because the Supreme Court has made the merits
18   sufficiently pertinent to the Rule 23 decision.  For example,
19   most prominent is you need to have a common method of proof to
20   get certification.  And you have to understand how you're
21   going to prove the case on the merits, class-wide.
22        And if the defendant stonewalls on that, I just assume the
23   worst, and rule against the defendant.  And you get class-wide
24   discovery.  That's easy.  Because that's what I would do in
25   every case.

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_/s/ Belle Ball_

Belle Ball, CSR 8785, CRR, RDR

Wednesday, January 27, 2021