

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Jahmy S. Graham
Partner
T: (424) 221-7426
jahmy.graham@nelsonmullins.com

19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
T: 424.221.7400  F: 424.221.7499
nelsonmullins.com

July 6, 2021

<u>Via ECF</u>
Hon. William H. Alsup
United States District Court for
the Northern District of California
San Francisco Courthouse
Courtroom 12—19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: ***Jeremy Stanfield v. Tawkify, Inc.***
    Case No. 3:20-cv-07000-WHA
    **Re: Tawkify's Discovery Letter Brief Requesting Protective Order under FRCP 26(c) re: Notice of Deposition of [Tawkify's MS Representative]**

Dear Judge Alsup:

  Pursuant to paragraph 34 of the Court's Supplemental Order to Order Setting Initial Case Management conference in Civil Cases before Judge William Alsup (the "Order"), Defendant Tawkify, Inc. ("Tawkify") hereby requests discovery relief, *i.e.*, the entry of a Protective Order in response to Plaintiff's unilaterally-set and untimely Notice of Deposition of Tawkify employee, a third-party Member Services ("MS") Representative (hereafter "MS Rep.").[1] As required by the Order, the parties have sought to meet and confer over the issue discussed in this letter.

  On June 18, 2021, Plaintiff, without first consulting with Tawkify or MS Rep. on the scheduling of the subject deposition, as required under Local Rule 30-1, served upon Tawkify a Notice of Deposition of MS Rep., who is the MS representative identified as having spoken with Plaintiff during his initial "sales" call on June 26, 2020. The deposition was unilaterally set to take place on July 7, 2021, ***after*** the 90-day discovery cut-off date ordered by this Court during the March 25, 2021 hearing on Tawkify's Motion to Dismiss ("MTD") (since converted to a Motion for Summary Judgment ("MSJ")), and after Tawkify's June 30, 2021 deadline to file its supplemental briefing for its MSJ. Plaintiff's unilaterally-set Deposition Notice not only violated Local Rule 30-1 for failing to first meet and confer on MS Rep.'s or Tawkify's availability to have her deposition taken; it is also in contravention of Rule 29 of the Federal Rules of Civil Procedure, which requires court approval on any proposed stipulations to extend the time for discovery that

---

[1] To protect the witness' privacy, Tawkify has omitted her name from this filing. *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) ("[P]rivacy interests of non-parties provide compelling reasons to seal"); *Proofpoint, Inc. v. BTM Comercio De Equipamentos E Softwares De Informatica*, No. 17-cv-06065-BLF, 2018 U.S. Dist. LEXIS 49805, at *5 (N.D. Cal. Mar. 26, 2018).

July 6, 2021
Page 2

would interfere with the time set for completing discovery for a motion, or for trial. Plaintiff neither sought a stipulation nor court approval to take this untimely deposition.

Specifically, on March 25, 2021, this Court entered an order limiting the scope of discovery to issues between Tawkify and Plaintiff "in his individual capacity" only, and that "[c]lass-wide discovery is premature at this time." (Dkt. 62.) During the hearing on Tawkify's MTD, this Court allowed the parties 90-days, until June 30, 2021 at the latest, to complete discovery for the MSJ. This Court made clear that within those 90-days allotted, "there will be a full opportunity for both sides to take the depositions of everyone who has anything to do with these two dates . . . with setting up the two dates . . . **with getting this account to begin with** . . . and so forth. . . . I'm going to let you take those depositions . . . and to get document discovery from each other on . . . those questions." (Exhibit ("Ex.") A (emphasis added)).

Plaintiff could have noticed the deposition much sooner and to occur before the discovery cutoff. Plaintiff identified MS Rep. as a potential witness for this matter months in advance in his **January 11, 2021** Rule 26 Initial Disclosures. (Ex. F.) Tawkify also identified MS Rep. in its **March 24, 2021** Supplemental Disclosures. (Ex. G.) The June 26, 2020 audio recording at issue[2] between MS Rep. and Plaintiff was produced by Tawkify on **April 22, 2021**. On May 26, 2021, Tawkify took, and completed, its deposition of Plaintiff. Plaintiff subsequently filed a Motion for Leave to File a Second Amended Complaint on June 8, seeking to include "new" class claims relating to a purported "secret recording" of Plaintiff's initial "sales" call with MS Rep. Plaintiff also sought to include a sub-class. (Dkt. 71.) As Tawkify has apprised the Court in its opposition, and Plaintiff omitted from his motion for leave to amend the operative complaint, Tawkify provided Plaintiff written notice before his call with MS Rep. that his call with MS "may be monitored and recorded for record-keeping, training and quality-assurance purposes." (Dkt. 78-8, Ex. A [p. 8 of 17].)

On June 18, 2021, however, less than two weeks before the discovery cut off, Plaintiff's counsel served its Notice of Deposition of MS Rep. on Tawkify's counsel. The notice unilaterally set the date of the deposition to July 7, 2021—a date well after the discovery cut off. (Ex. B.) At no time prior to serving this notice did Plaintiff's counsel seek to meet and confer with Tawkify or MS Rep. regarding the scheduling of the subject deposition. On June 23, 2021, Plaintiff's counsel deposed Tawkify's Person Most Knowledgeable ("PMK") on several topics, including concerning the call between MS Rep. and Plaintiff.

On July 1, 2021, Plaintiff's counsel served an Amended Notice of Deposition of MS Rep. on Tawkify's counsel. The amended Notice similarly unilaterally set the deposition for the same date, but changed the time to occur an hour and a half later than the time unilaterally set in the prior notice. (Ex. C.) The amended notice was served **after** the Court's discovery cutoff date. At no time prior to serving the July 1, 2021 amended deposition notice did Plaintiff's counsel meet and confer with Tawkify on third party MS Rep.'s availability and the scheduling of the subject deposition. On July 6, 2021, Tawkify served its Objections to the Notice and Amended Notice of Deposition of MS Rep. (Ex. D.) Tawkify also contacted Plaintiff's counsel to request the withdrawal of the deposition notice, given its untimeliness. (Ex. E.) Tawkify's counsel also offered to meet and confer by telephone. (*Id.*) As of the time of this filing, no agreement was reached.

On its own motion or in response to a motion for protective order under Rule 26(c), a district court may limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

---

[2] A more extensive discussion of Plaintiff's delay in seeking leave and its undue and substantially prejudicial impact on Tawkify is detailed in its Opposition to Plaintiff's Motion for Leave to File a SAC. (Dkt. 78.)

July 6, 2021
Page 3

opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(2). Further, upon motion of a party and "for good cause shown," the court in the district in which a deposition is to be taken may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that the discovery not be had. Fed. R. Civ. Proc. 26(c). Local Rule 30-1 mandates "consultation regarding scheduling" for the convenience of witnesses, counsel and parties, before the party may notice a deposition of a party or witness affiliated with a party. Further, a court order based on a showing of good cause is required under Federal Rule of Civil Procedure 29 if a party seeks to depose a witness after the discovery "cut-off" ordered by the Court. A stipulation (if one is reached) is not sufficient. Such approval is not automatic. Rule 29 allows for stipulations to modify discovery procedures, but court approval is required if it "interfere[s] with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. Proc. 29(b). *See Wyles v. Sussman*, 445 F.Supp.3d 751, 756 (C.D. Cal. 2020) ("when parties delay discovery for any reason, they do so at their peril. Rule 29 provides the procedure for parties . . . after a court-ordered cutoff").

Good cause supports the entry of a Protective Order in this instance. Plaintiff noticed the deposition of MS Rep. to take place *after* this Court's 90-day deadline to complete discovery, which is contrary to this Court's March 25, 2021 Order limiting discovery, including to only the issues between Tawkify and Plaintiff on an individual basis. Plaintiff's Notice of Deposition of MS Rep. thus seeks to impose obligations, and seeks testimony, beyond those specified by the FRCP *and* this Court's March 25, 2021 Order limiting discovery, because it is a thinly-veiled and eleventh hour attempt to expand the scope of this case and add new purported class claims. As MS Rep. was the MS representative on the initial "sales" call with Plaintiff on June 26, 2020, her deposition, if any, was required to be taken *within* the 90-day timeframe allotted by this Court on March 25, 2021, and completed by or before June 30, 2021. Plaintiff cannot show good cause (or refute Tawkify's showing of good cause) for its delay in (unilaterally) noticing the deposition for after the discovery cut off, or for his failure to first meet and confer prior to noticing the subject deposition. The proposed testimony is also cumulative and harassing, as Tawkify's PMK covered the initial call between Plaintiff and MS Rep. during his deposition on June 23.

Further, Plaintiff's amended notice of deposition of MS Rep. was served **after** the Court's discovery cutoff date of June 30, 2021, and similar to Plaintiff's initial notice of deposition, no efforts were made by Plaintiff to meet and confer with Tawkify or MS Rep. Plaintiff also failed to seek a stipulation or request permission from this Court. Moreover, as evidenced by Plaintiff's own Motion for Leave to file an amended complaint, the testimony Plaintiff truly seeks to elicit from MS Rep. is intended to bolster his proposed **class claims** regarding Tawkify's audio recordings of calls with certain Tawkify users. This is well outside the bounds of what this Court has allowed under its March 25, 2021 Order. Moreover, allowing this deposition to move forward would be unduly prejudicial to Tawkify, as it has already filed its supplemental briefing.

Because Plaintiff's Notice of Deposition of MS Rep. is beyond the discovery cut off authorized by this Court on March 25, 2021, is cumulative, and served in violation of Local Rule 30-1 and Federal Rule of Civil Procedure 29, Tawkify respectfully requests that this Court enter a Protective Order disallowing this untimely deposition.

    Respectfully submitted,

    /s/ Jahmy S. Graham
    Jahmy S. Graham
    *Counsel for Defendant Tawkify, Inc.*

Enclosures:  Exhibits A-G