UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY STANFIELD,

    Plaintiff,

  v.

TAWKIFY, INC.,

    Defendant.

No. C 20–07000 WHA

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff requests leave to amend his complaint to add a claim based on a single "secretly recorded sales call" that occurred on June 26, 2020, between Jeremy Stanfield and a sales representative of Tawkify, Inc. Plaintiff alleges that this violates California Penal Code Sections 632 and 632.7. If Tawkify violated Sections 632 or 632.7, then Section 637.2 would entitle Stanfield to civil damages for the invasion of his privacy (Br. at 2). Plaintiff's reply concedes that Stanfield received notice that Stanfield's originally scheduled sales call on June 19, 2020, would be monitored or recorded, but that this notice was not given in relation to the rescheduled June 26 call (Reply at 8).

The April 30 deadline for amending pleadings has since long passed (Dkt. 40). Where the Court has imposed a deadline, Rule 16(b)(4) permits modification "only for good cause." "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Glob. Ed. Holds.*, 870 F.3d 978, 989 (9th Cir. 2017). New facts may certainly constitute good cause to amend a complaint, but only where the moving party has diligently pursued discovery of those facts. *See, e.g.*, *Bot M8 v. Sony*, No. C 19-07027 WHA, 2020 WL 1643692 (N.D. Cal. April 2, 2020).

Prejudice to the opposing party carries the greatest weight in determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Our court of appeals has found prejudice where "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The new allegations have little to do with the subject matter of the original complaint, which focused on Tawkify's obligations under the Dating Services Contract Act. Therefore, the request for leave to amend does not merely seek to supplement its existing allegations with new facts. Rather, it would advance a new, separate theory of liability based on a supposed invasion of privacy. This new and different claim would entail developing a new defense strategy at a late date and that is prejudice.

On March 3, the close of discovery was moved from January 1, 2022, to June 30, 2021, during the hearing on the motion to dismiss. In that hearing, the Court ordered that the motion to dismiss be held in abeyance and converted the motion into a motion for summary judgment because Tawkify relied on facts outside the pleadings (which had not been judicially noticed) in support of its Rule 12(b)(6) motion (Hearing Tr. at 41–42). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999). Allowing the plaintiff leave to amend at this point would prejudice Tawkify because discovery has closed.

This timing issue also implicates undue delay. Stanfield arguably had no reason to know that the asserted privacy claims existed prior to April 22, 2021, when an audio file of the at-issue call was produced (Br. at 6). Nearly seven weeks, however, passed between plaintiff receiving the information and filing the motion for leave to amend. This motion was brought three weeks prior to the deadline for defendant to file its motion for summary judgment. The hearing on the leave to amend necessarily follows the deadline for summary judgment briefing. Granting leave to amend would cause unnecessary delay by requiring an opportunity for the already-briefed motion for summary judgment to be revised.

In light of these factors, the motion for leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 26, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3