**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jahmy S. Graham (SBN 300880)
jahmy.graham@nelsonmullins.com
Priscilla Szeto (SBN 305961)
priscilla.szeto@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:      424.221.7400
Facsimile:      424.221.7499

Attorneys for Defendant
TAWKIFY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JEREMY STANFIELD, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>TAWKIFY, INC., et al.; and DOES 1 -25,<br><br>                    Defendants. | Case No. 3:20-cv-07000-WHA<br><br>Assigned to Hon. William H. Alsup<br><br>**DEFENDANT TAWKIFY, INC.'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with the Declaration of Jahmy S. Graham and [Proposed] Order]<br><br>Date:   December 2, 2021<br>Time:   8:00 am<br>Ctrm:   12<br><br>Date Removed: October 7, 2020<br>Date Filed: August 15, 2020 |

**TO THE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2021 at 8:00 a.m. in Courtroom 12 of the United States District Court Northern Division, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Tawkify, Inc. ("Tawkify") will move, pursuant to Local rule 54-5 and California Civil Code, Section 1694.4, Subdivision (c) for an award of attorneys' fees incurred to defend this action. Tawkify is the prevailing party under Section 1694.4 based on the Court's September 16, 2021 Entry of Final Judgment in favor of Tawkify and against Plaintiff Jeremy Stanfield [Dkt. 115] upon granting Tawkify's Motion for Summary Judgment in its entirety and is therefore entitled to an award of attorneys' fees in an amount totaling at least $766,739.50 or in such other amount as the Court determines to be appropriate under California Civil Code, Section 1694.4(c); California Code of Civil Procedure, Sections 1032 and 1033.5, *et seq*.; Federal Rules of Civil Procedure 54, Local Rules 54-1-5; and/or other authority applicable for the relief requested.

Pursuant to Local Rules 54-2(b) and 54-5(a), counsel met and conferred for the purpose of attempting to resolve any disputes with respect to the motion. The parties were unable to reach a resolution and Plaintiff has indicated that he will oppose the motion. Pursuant to Local Rules 54-3 and 54-5, this Motion is also supported by evidence containing a brief description of relevant qualifications and experience of counsel, and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services, as well as itemized recoverable costs. (Declaration of Jahmy S. Graham ["Graham Decl."], ¶¶ 5-9, 17.) Finally, pursuant to L.R. 54-5, this Motion is further supported by evidence of the services rendered by each person whose fees are claimed together with a summary of the time spent of each person, and a statement describing the manner in which time records were maintained. (*Id.*, ¶¶ 14-16, 18-25.)

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jahmy S. Graham filed concurrently herewith, the pleadings and records on file with the Court, and such other matters of which the Court may properly take notice, and upon such oral argument and evidence as may be presented at the hearing on the motion.

1    Case No. 3:20-cv-07000-WHA
DEFENDANT TAWKIFY, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES

Dated:  September 30, 2021          Respectfully submitted,

                                    NELSON MULLINS RILEY & SCARBOROUGH LLP

                                    By:     /s/ *Jahmy S. Graham*

                                            Jahmy S. Graham
                                            Priscilla Szeto

                                            Attorneys for Defendant
                                            TAWKIFY, INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT BACKGROUND ...................................................................................... 3

    1. Relevant Procedural Background .................................................................. 3

III. THE COURT SHOULD AWARD TAWKIFY ATTORNEY'S FEES AND COSTS ............ 7

    A. Section 1694.4(c) Expressly Allows a Prevailing Party to Recover Attorney's Fees ................................................................................................. 8

    B. California Law Expressly Allows a Prevailing Party to Recover Costs ....................... 9

    C. The Requested Relief is Proper Because the Merits of Plaintiff's Action were Fully Adjudicated ......................................................................................... 9

    D. The Attorney's Fees Sought Through this Motion are Reasonable and Sufficiently Supported ................................................................................. 10

        1. Tawkify Seeks its Attorney's Fees at Reasonable Hourly Rates ..................... 12

        2. Tawkify Seeks Reimbursement for its Costs Reasonably Expended Litigating this Case ................................................................................. 13

        3. It is Fair and Reasonable to Award Tawkify its Attorney's Fees and Costs Reasonably Expended Litigating this Case ........................................... 13

IV. CONCLUSION ............................................................................................................ 14

i     Case No. 3:20-cv-07000-WHA

TAWKIFY'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelman v. Spark Networks Ltd.*,
  Nos. B195332, B197097, and BC306167, 2008 WL 2108667 (2008) ........................ 2, 8, 9, 10

*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.*,
  33 Cal. App. 3d 116 (1973) ............................................................................................. 9

*Emp'rs Ins. Of Wausau v. Granite St. Ins. Co.*,
  330 F.3d 1214 Cir. 2003 .................................................................................................. 8

*Jeremy Stanfield v. Tawkify, Inc.*,
  Case No. CGC-20-586011 (S.F. Cty. Super. Ct., removed Oct. 7, 2020) ....................... 3

*Martinez v. Extra Space Storage, Inc.*,
  No. C 13-00319 WHA, 2013 WL 6623889 (N.D. Cal. Dec. 16, 2013) ................. 7, 9, 10

*In re Williams-Sonoma*,
  947 F.3d 535 (9th Cir. 2020) ...................................................................................... 5, 13

*Wood v. Team Enterprises, LLC et al*,
  No. C 18-06867, 2019 WL 2437012 (N.D. Cal. June 11, 2019) .................................... 5

**Statutes**

Cal. Code Civ. Proc. § 1032 ................................................................................................ 2, 9

Cal. Code Civ. Proc. § 1032 (a)(4) ...................................................................................... 7, 9

Cal. Code Civ. Proc. § 1032(b) ............................................................................................... 7

Cal. Code Civ. Proc. § 1033.5 ............................................................................................. 2, 9

Cal. Code Civ. Proc. § 1033.5 (a) ............................................................................................ 9

Cal. Code Civ. Proc. § 1033.5 (a)(10)(B) ................................................................................ 7

Cal. Civ. Code § 1650 ................................................................................................ 2, 7, 9, 10

Cal. Civ. Code § 1694 ........................................................................... 2, 3, 4, 6, 7, 8, 9, 10, 13

Cal. Code Civ. Proc. § 1694.4 .............................................................................................. 4, 9

Cal. Code Civ. Proc. § 1694.4(c) .................................................................................. 2, 3, 8, 9

Bus. & Prof. Code § 17200 ........................................................................................ 2, 7, 9, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Disappointed with the outcomes of two dates he went on using Defendant Tawkify Inc.'s ("Tawkify") matchmaking services for weeks after his initial sign up, Plaintiff Jeremy Stanfield ("Plaintiff") threatened Tawkify with a putative class action suit to make Tawkify pay "A LOT MORE than the $1800" he claimed Tawkify still owed him after he meaningfully used the company's services and he received a prorated refund. (Dkt. 114 at 3 (emphasis in original).)  As evidenced by the tone and tenor of his communications with Tawkify, which are well-documented in the summary judgment record, Plaintiff appears to have had a vendetta against Tawkify to make it pay substantial sums in legal fees, notwithstanding: (1) the relatively modest amount that precipitated this case as to his individual purported claims, (2) the reality that he went on two dates with different women, receiving the value of the services for which he contracted with Tawkify, (3) he received a full refund for services Tawkify had not yet rendered before he brought suit, and (4) he ultimately received every penny he paid Tawkify before serving the complaint on Tawkify.  As the Court found, he was in fact overpaid "in spades." (Dkt. 114 at 13.)  Nevertheless, he persisted.

Despite Tawkify's multiple efforts to reason with Plaintiff, including offering him nonrefundable bonus matches (dates) and/or a new matchmaker as gestures of goodwill and for customer satisfaction, and ultimately refunding him what he was entitled to under the law (and then some), Plaintiff made good on his threats.  This putative class action has indeed cost Tawkify far more than the $3,700 originally in dispute. At every step of the way, *i.e.*, **before** Tawkify embarked on this arduous journey to defend itself in this case, Tawkify first sought to avoid costly litigation—both pre-suit and post-suit.  But at just about every juncture, Plaintiff resisted.  He wholly ignored **multiple** efforts by Tawkify to resolve this matter informally as to his claims.  Further, for much of the litigation, he declined to give Tawkify extensions of time and/or other professional courtesies—even though Tawkify readily offered and largely accommodated requests from him for extensions and professional courtesies.  Plaintiff's aggressive and unrelenting strategy in this case—to make Tawkify pay substantial fees—had its intended effect.

All of this happened, even though it was clear from the outset that Plaintiff lacked standing, any cognizable injuries or damages, his case belonged in arbitration under the arbitration clause and class action waiver in the Terms of Use he repeatedly admitted (ultimately) that he knowingly and voluntarily agreed to, and Tawkify alerted him to these facts **early on** and often thereafter. Nevertheless, he advanced meritless claims.

As a result, Tawkify brings this motion for reasonable attorney's fees and costs that it reasonably incurred to prove what it knew all along: Having not suffered any economic or other cognizable harm, Plaintiff Stanfield did not have a claim for relief or standing under California's Dating Services Contract Act ("DSCA"), Cal. Civ. Code § 1694, et seq., Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1650, or Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, regardless of the venue in which his purported claims would be adjudicated. This Court's order granting summary judgment in Tawkify's favor confirmed this fact. As the U.S. Supreme Court, the Ninth Circuit, and this Court have all repeatedly held, class action litigation is intended for named plaintiff representatives with standing to pursue their claims; it is not a device for exacting vengeance on a company for the customer's idiosyncratic disappointed expectations in the outcomes of dates—particularly when the customer's own conduct and representations negatively impacted the date selection process and the dates themselves.

Under California Civil Code, Section 1694.4(c), "[r]easonable attorney fees may be awarded to the *prevailing party*." Cal. Civ. Code, § 1694.4(c) (emphasis added). California Code of Civil Procedure Sections 1032 and 1033.5 permit a prevailing party to seek and be awarded its costs reasonably incurred in the case. Because this Court entered final judgment in favor of Tawkify and against Plaintiff on September 16, 2021 (Dkt. 115), Tawkify is the prevailing party in this action and statutorily entitled to its reasonable attorney's fees and costs incurred to date (and beyond as necessary), in the Court's discretion. Tawkify is entitled to both its reasonable attorney's fees and reasonable costs incurred in having to defend itself, particularly here, where (1) the predicate statute at issue (the DSCA) provides for reasonable attorney's fees to the prevailing party, (2) California's statutory scheme for costs of suit entitles the prevailing party to seek recovery of its costs, and (3) Tawkify attempted to avoid costly litigation and motion practice to no avail due to Plaintiff's active

resistance. As noted in *Adelman v. Spark Networks Ltd.*, a California Court of Appeal decision this Court rightly relied upon, in part, in granting summary judgment against Plaintiff, the purpose of the fee-shifting statute here (Cal. Civ. Code, Section 1694.4(c)) is to discourage meritless litigation. That same decision, which was also based on alleged violations of the DSCA, including the precise provisions Plaintiff sought to enforce here, expressly confirmed that a dating service defendant is entitled to its reasonable attorney's fees if judgment is entered in its favor. Judgment now having been entered in Tawkify's favor, Tawkify respectfully urges the Court to do the same here.

Finally, it would be fair and otherwise equitable to order Plaintiff to pay Tawkify's reasonable attorney's fees and costs because he is not indigent—as well-documented in materials properly filed under seal in connection with the summary judgment briefing—and he was presumably well aware of his potential exposure for attorney's fees as demonstrated by his expressly alleging in his initial and amended complaints that the DSCA awards reasonable attorney's fees to the prevailing party. Nevertheless, he chose to press on.

Accordingly, Tawkify respectfully requests that the Court order Plaintiff to pay at least $766,739.50 in attorney's fees, at least $27,418.02 in costs, or in any other amount the Court considers appropriate for either of these categories, and amend the Judgment against Plaintiff to reflect such amounts. In light of additional proceedings the parties anticipate in connection with this motion and the parties' pending appeals, Tawkify expressly reserves the right to later seek to have the amounts granted, if any, updated to reflect additional reasonable attorney's fees and costs incurred in further disposing of this case and related motion and/or appellate practice.

## II.   RELEVANT BACKGROUND

### 1.   Relevant Procedural Background

Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Francisco, on August 15, 2020. *See Jeremy Stanfield v. Tawkify, Inc.*, Case No. CGC-20-586011 (S.F. Cty. Super. Ct., removed Oct. 7, 2020). Plaintiff served Tawkify on or around September 9, 2020. (Dkt. 114 at 4.)

Despite having met with two matches on dates curated by his designated Tawkify matchmaker, Plaintiff canceled his matchmaking contract and sought a full refund. After Tawkify

promptly issued a prorated refund, Plaintiff demanded more and threatened to file a class action lawsuit—which he did—less than two weeks later. The later-filed operative First Amended Complaint ("FAC") asserted that Plaintiff's contract with Tawkify violated the Dating Services Contract Act ("DSCA"), Cal. Civ. Code, Section 1694, *et seq.* because certain provisions (inapplicable to him or his individual circumstances) were not included in Tawkify's contracts with him.

Tawkify's counsel informed Plaintiff's counsel on several occasions, beginning in or around early September 2020 that there was an arbitration provision and class action waiver applicable to Plaintiff. (Graham Decl., ¶ 20.) Likewise, Tawkify's counsel advised Plaintiff's counsel several times, beginning in or around September 2020 that Plaintiff lacked cognizable injury, including any economic loss, and therefore lacked standing to pursue his own claims, let alone putative class claims on behalf of a nationwide class. (*Id.*)

When Plaintiff resisted Tawkify's efforts to therefore resolve this matter without significant legal costs or either side, and based on the express allegations in his then-operative complaint, Tawkify ultimately removed the matter to this Court on October 7, 2020 under the Class Action Fairness Act ("CAFA"). (Dkt. 1.) Plaintiff initially sought to remand but later withdrew his motion, thereby consenting to jurisdiction. (*See* Dkt. 24.) Plaintiff filed his FAC on November 17, 2020. (Dkt. 26.)

On December 8, 2020, after the parties met and conferred for months on whether the matter should be arbitrated, Tawkify moved to compel arbitration, seeking an order from the Court to enforce the arbitration provision and class action waiver within the Terms of Use that Plaintiff agreed to on multiple occasions. (Dkt. 29.) In the briefing, and associated hearing, on the Motion to Compel Arbitration, Plaintiff equivocated as to whether he actually affirmatively agreed to Tawkify's Terms of Use and the arbitration and class action waiver clauses within it. (*See* Dkt. 30-1, ¶ 2.) Tawkify's Motion to Compel Arbitration was denied on February 3, 2021. (Dkt. 46.) Tawkify filed a timely Notice of Appeal on March 5, 2021. (Dkt. 55.) Plaintiff later admitted in deposition that not only did he affirmatively click boxes indicating that he agreed to the Terms of

Use, but that he reviewed the document before assenting to it—an issue he previously vigorously contested in connection with the Motion to Compel Arbitration. (Dkt. 89, at 4:2-9 and 5:14-20.)

        **a.**    **Plaintiff Declined Tawkify's Reasonable Requests to Stay the Action Pending Appeal or to at Least Continue its Responsive Pleading and/or Discovery Deadlines**

To avoid burdening the Court with unnecessary motion practice, and in an effort to preserve the parties' resources, on February 9, 2021, Tawkify asked Plaintiff to enter into a joint stipulation to stay the proceedings pending appeal, or alternatively, a stipulation to continue Tawkify's deadline to file a responsive pleading. Tawkify further requested that Plaintiff at least agree to continue its deadline to respond to Plaintiff's discovery requests until after the Court rules on Tawkify's Motion to Stay. Plaintiff declined all of Tawkify's reasonable requests and suggested a discovery conference. (Dkt. 49[1] and 49-1.) Tawkify had no choice but to then file before this Court a Motion to Stay proceedings pending the appeal. (Dkt. 49.) Although the Court denied the Motion to Stay, it did grant Tawkify its alternative request for relief in that motion, *i.e.*, to limit discovery to the claims of Plaintiff Stanfield *only* in light of *In re Williams-Sonoma*, 947 F.3d 535, 539 (9th Cir. 2020), *Wood v. Team Enterprises, LLC et al*, No. C 18-06867, 2019 WL 2437012 (N.D. Cal. June 11, 2019) (Alsup, W.), and the particular circumstances of this case. (*See* Dkt. 49 at 3, 8; Dkt 62 ("The Court, however, limited the scope of discovery, for the time being, to the issues between defendant and plaintiff in his individual capacity. Class-wide discovery is premature at this time.").)

Tawkify timely filed its Motion to Dismiss ("MTD"), regarding which Plaintiff refused to grant an extension, on February 17, 2021. (Dkt. 50.) On March 25, 2021, the Court heard oral argument on Tawkify's MTD, converted it to a Motion for Summary Judgment, and held the MTD in abeyance while the parties took approximately 90 days to conduct discovery on issues related to

---

[1] Section II(B) of Tawkify's Motion to Stay provides a detailed account of Plaintiff's numerous attempts to engage in premature, extensive, and substantive class-wide discovery, even after Tawkify had made its intentions clear that a Motion to Compel Arbitration was forthcoming, even while Tawkify's Motion to Compel remained pending before the Court, and even before the Court had issued a Scheduling Order for this matter. (Dkt. 49.) Indeed, during the hearing on Tawkify's Motion to Dismiss, the Court ultimately found that class discovery was premature here and limited discovery to the issues between Tawkify and Plaintiff in his individual capacity only. (*See* Dkt. 62.)

Tawkify and Plaintiff's interactions and his individual claims. (Dkt. 62.) The parties completed that discovery, which included depositions of Plaintiff and Tawkify's 30(b)(6) witness, written interrogatories on both sides, requests for admission served on Plaintiff, requests for production on both sides, and several document productions on both sides. (Graham Decl., ¶ 22.) Tawkify then filed its supplemental brief for the Converted MSJ on June 30, 2021. (Dkt. 89.)

        **b.**    **Plaintiff Files an Untimely Motion for Leave to File an Amended Complaint to Include Wholly Unrelated and Unsupported Claims**

On June 8, 2021, nearly seven weeks after Plaintiff received the information that led to his alleged discovery of these "new" claims, after Tawkify concluded its deposition of Plaintiff, and with only three weeks remaining before Tawkify's deadline to file a supplemental brief for its Converted MSJ, Plaintiff submitted an untimely Motion for Leave to file an amended complaint to include "new" claims wholly unrelated to Plaintiff's existing DSCA claims. (*See* Dkt. 71.) Plaintiff then noticed the deposition of Tawkify's corporate representative and sought information relating to his proposed new claims. The briefing schedule for this eleventh-hour filing ran concurrently with Tawkify's existing deadline to file its supplemental brief for its Converted MSJ, resulting in Tawkify having to expend additional resources to oppose Plaintiff's new and untimely motion whilst continuing to prepare its Converted MSJ.

On July 26, 2021, the Court denied Plaintiff's Motion for Leave, finding that the "April 30 deadline for amending pleadings has since long passed" and that "[t]he new allegations have little to do with the subject matter of the original complaint" and "would entail developing a new defense strategy at a late date and that is prejudice." (Dkt. 101.)

        **c.**    **Tawkify Successfully Obtained Discovery Relief on Multiple Occasions.**

The Court had to resolve several discovery disputes, including finding in Tawkify's favor and order Plaintiff to sit for a second deposition at his own cost. (*See* Dkts. 75 (regarding violation of Terms of Use discovery—written interrogatories and deposition questioning), 83 (regarding a threatened untimely deposition of a Tawkify Member Services representative in connection with Plaintiff's belated motion for leave to amend the complaint), and Graham Decl., ¶ 23.) To preserve

party and Court resources, however, Tawkify ultimately declined to move forward with that second deposition. (Graham Decl., ¶ 23.)

### d. The Court Grants Tawkify's Converted MSJ and Enters Final Judgment in Tawkify's Favor Against Plaintiff

On September 15, 2021, this Court issued an Order granting Tawkify's Converted MSJ as to all of Plaintiff's claims. (Dkt. 114.) The Court rejected Plaintiff's attempt to interpret two disjointed and unrelated sections of the DSCA to mandate a full refund within ten days of cancelation long after the three-day cooling period to cancel without penalty has passed, "hold[ing] that the statutory interpretation and caselaw indicate that Tawkify owed Stanfield only a prorated refund for services not yet received when Stanfield cancelled . . . ." (*Id.* at 10.) The Court further found that in having issued a full and complete refund, including for services Tawkify rendered to Plaintiff (despite not needing to under the DSCA), Tawkify "not only adequately refunded Stanfield but over-refunded him by $1233" [*Id.* at 12], rendering it an "overcompensation." (*Id.* at 13 ["Stanfield has been grossly overpaid"].)

The Court dismissed Plaintiff's DSCA violation claim, which was the predicate for his UCL and CLRA claims, finding that they both also "clearly fail on the merits . . . ." (*Id.* at 13.) It further stated that the "order dismisses [Plaintiff's] entire case on the merits." (*Id.*)

The Court thereafter entered Judgment against Plaintiff on September 16, 2021 and instructed the Clerk to close the file. (Dkt. 115.)

## III. THE COURT SHOULD AWARD TAWKIFY ATTORNEY'S FEES AND COSTS

Although the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the losing party, "[a] statute or enforceable contract allocating attorney's fees . . . can overcome this rule." *Martinez v. Extra Space Storage, Inc.*, No. C 13-00319 WHA, 2013 WL 6623889, at *2 (N.D. Cal. Dec. 16, 2013) (W. Alsup). "Specifically, California Code of Civil Procedure 1032(b) entitles the prevailing party to recover costs. Attorney's fees are allowable as 'costs' under Section 1032 when authorized by statute." *Id.* at *2; Cal. Code Civ. Proc. § 1033.5(a)(10)(B). Furthermore, "[t]he statute defines 'prevailing party' to include 'a defendant in whose favor a dismissal is entered.'" *Martinez*, 2013 WL 6623889, at *2; Cal. Code Civ. Proc. 1032(a)(4).

**A.     Section 1694.4(c) Expressly Allows a Prevailing Party to Recover Attorney's Fees**

California Civil Code, Section 1694.4, subdivision (c) states: "Any buyer injured by a violation of this chapter may bring an action for the recovery of damages in a court of competent jurisdiction. Judgment may be entered for three times the amount at which the actual damages are assessed. *Reasonable attorney fees may be awarded to the prevailing party*." Cal. Civ. Code § 1694.4(c) (emphasis added).

In *Adelman v. Spark Networks Ltd.*, Nos. B195332, B197097, and BC306167, 2008 WL 2108667 (2008),[2] cited in the parties' briefing and by the Court in its Order granting the Converted MSJ, the California appellate court analyzed this fee-shifting statute in the DSCA (Section 1694.4(c)) and expressly found that it allows for the precise sort of attorneys' fees that Tawkify is requesting in this instant Motion. After the trial court dismissed the consumer plaintiff's complaint with prejudice and stayed the rest of the action as to the remaining plaintiff class, the dating service defendant moved for an award of attorneys' fees in the amount of $309,135.99 under Civil Code section 1694.4, subdivision (c), as the prevailing party in an action under the DSCA. The court granted the motion and awarded attorneys' fees but reduced it to account for the portion of those fees that were incurred in connection with a legal question that the court "had not yet decided . . . but might . . . if a new class representative was named" in the stayed action. *Id.* at *4.

Plaintiff appealed the court's fee award and presented the appellate court with a statutory construction issue requiring it to "constru[e] a statute . . . to ascertain the legislative intent so as to effectuate the purpose of law." *Id.* at *7. The appellate court noted that "the apparent purpose of such a fee-shifting statute . . . [is] to encourage meritorious litigation and discourage meritless litigation," and that this purpose "is best served by construing it to apply in any action in which the

---

[2] The Ninth Circuit has held that courts may consider unpublished California state court opinions as persuasive authority when no published California opinion controls. *See Emp'rs Ins. Of Wausau v. Granite St. Ins. Co.*, 330 F.3d 1214, 1220 n.8 9th Cir. 2003) (stating that the court "may consider unpublished state decisions" and that unpublished opinions, "while certainly not dispositive of how the California Supreme Court would rule," may still "lend[] support" to a certain position regarding California law). Regarding this issue, there are no controlling published California opinions. Therefore, the Court can and treat *Adelman* as persuasive authority on this issue.

plaintiff alleges a violation of Civil Code section 1694.4, *et seq.*" *Id.* at *8. Here, Plaintiff Stanfield initiated this action alleging violations of the DSCA.

The appellate court in *Adelman* additionally rejected the consumer plaintiff's argument that because the subject dating service contract "is void and unenforceable for failure to comply with Civil Code section 1694 *et seq.*," the court, "as a matter of public policy" must deny the requested attorneys' fees award. *Id.* The court rejected this argument, reminding the plaintiff that he "is not the prevailing party, and cannot claim the higher ground in this dispute." The court held that section 1694.4(c) "authorizes an award of attorney fees to a prevailing party in any action under section 1694 *et seq.*" Here, there can be no question that Tawkify is the "prevailing party" in this action, as this Court entered judgment against Plaintiff and in favor of Tawkify. Code Civ. Proc. 1032(a)(4) (when fees are recovered as part of costs pursuant to Section 1033.5, the "prevailing party" is defined as including "a defendant in whose favor a dismissal is entered"); *see Associated Convalescent Enterprises v. Carl Marks & Co., Inc.*, 33 Cal. App. 3d 116, 121 (1973). Section 1694.4(c) expressly provides that the prevailing party may recover attorneys' fees. *See* Cal. Civ. Code § 1694.4(c). Plaintiffs cannot reasonably dispute that this is an action in which Plaintiff alleges violations of the DSCA. Indeed, Plaintiff's first cause of action is for violations of the DSCA, and his UCL and CLRA claims are both tethered to these alleged violations. (*See generally*, FAC.)

### B. California Law Expressly Allows a Prevailing Party to Recover Costs

California Code of Civil Procedure sections 1032 and 1033.5 permit a prevailing party to seek and be awarded its costs reasonably incurred in the case. Cal. Civ. Proc. Code § 1032 *et seq.*, § 1033.5(a). Those recoverable costs include court filing fees, law and motion fees, deposition and hearing costs, including taking, video recording, and transcribing necessary depositions, including an original and one copy of those taken by the claimant and one copy of depositions taken by the party against whom costs are allowed, and the like. *See* Cal. Civ. Proc. Code § 1033.5(a).

### C. The Requested Relief is Proper Because the Merits of Plaintiff's Action were Fully Adjudicated

Unlike in *Martinez* and *Adelman*, where the awarded amounts to the prevailing parties were reduced to account for the remaining parties and/or causes of action, the Court may grant Tawkify's

request in full without any reductions because the order dismissed Plaintiff's "entire case on the merits." *C.f., Martinez*, 2013 WL 6623889, at *3; *and c.f., Adelman*, 2008 WL 2108667 at *4. In addition to thoroughly addressing the statutory and case law interpretations of the DSCA provisions at issue, and whether they could somehow mandate a full refund within ten days of cancelation (they could not) even after Plaintiff met with two matches and canceling well after the three-day cooling period had passed, the Court also dismissed the remaining UCL and CLRA claims by finding that they both "clearly fail on the merits . . . ." (Dkt. 114 at 13.) This is unlike in *Martinez*, where this Court found that fees and costs associated with defeating the class action in general are to be excluded because the plaintiff was dismissed on procedural grounds *in place* of the merits, and that the action *proceeded without her*. *See Martinez*, 2013 WL 6623889, at *3. Neither does the court's decision to award less than the full amount requested in *Adelman* apply in this instance. The trial court in *Adelman* found a reduced award appropriate given that "only a small portion of the requested fees" relate to the procedural standing issue that prompted the dismissal of the plaintiff's complaint and not in connection to the substantive legal question on whether the membership contracts were dating service contracts under the DSCA, which the court "had not yet decided" but might because the action was stayed after the dismissal. *Adelman*, 2008 WL 2108667. at *4.

By contrast, here, this Court expressly held that it dismissed Plaintiff's entire case on the merits because Plaintiff had not suffered cognizable damages. (Dkt. 114 at 13.) Remand to state court would be of no import for much of the same reasons. (*Id.*) Plaintiff being the only named plaintiff in the case and not having a basis for any relief, the Court accordingly instructed the Clerk to close the file. *See* Dkt. 115. Accordingly, the requested relief can be granted in its entirety.

**D.    The Attorney's Fees Sought Through this Motion are Reasonable and Sufficiently Supported**

Tawkify seeks recovery for the time spent by the attorneys and paralegals assigned to this matter, as follows.

Jahmy S. Graham is the lead attorney defending this matter. (Graham Decl., ¶ 5.) Mr. Graham is a partner in the Los Angeles office of Nelson Mullins—a national firm with more than 800 attorneys and 25 offices across the United States—and a member of its Litigation Group and

Business and Distribution Litigation Team. (Graham Decl., ¶ 5.) His practice is primarily devoted to complex commercial litigation in several jurisdictions across the United States. (*Id.*) He has substantial litigation experience, including trial and deposition experience, law and motion experience, and class action experience both at his current firm and his former firm, Morgan Lewis & Bockius LLP. (*Id.*) Mr. Graham is the lead national class action defense counsel for several large companies, and in that capacity, he manages class actions in several jurisdictions across the U.S. in both state and federal court, including in the Northern District of California. He has been recognized by several leading organizations and/or publications, including *Legal 500 US, Best Lawyers,* and the American Board of Trial Advocates, Los Angeles Chapter. (*Id.*) Mr. Graham is published on the topic of collective actions, substantially contributing articles for Thomson Reuters, the National Law Review, and Practical Law regarding state and federal class actions in the U.S. (*Id.*) Mr. Graham's hourly rate for this matter is $515, which is a discounted rate charged to Tawkify for his services in this matter. (*Id.*, ¶ 7.)

Priscilla Szeto is the primary associate assigned to this matter. (Graham Decl., ¶ 8.) Ms. Szeto is a 2015 graduate of Loyola Law School in Los Angeles, where she was the editor-in-chief of her law school's International and Comparative Law Review and a member of the William C. Hobbs Trial Advocacy Program. (*Id.*) She is a senior associate in the Los Angeles office of Nelson Mullins and is a member of its Litigation Group and Business and Distribution Litigation Team. (*Id.*) Her practice is primarily devoted to litigation. Ms. Szeto has law and motion experience, class action experience, and trial and deposition experience as well. (*Id.*) Ms. Szeto's hourly rate for this matter is $430, which is the rate charged to Tawkify for this matter (*Id.*)

Mr. Graham and Ms. Szeto are principally responsible for the defense of this action. (Graham Decl., ¶ 4.) They were also assisted by associates Nick Ladin-Sienne (Boston), Crispin L. Collins (Los Angeles), and Nicole Phe (Boston), as well as paralegals Theresa P. Chan, and Sindy Fleeger. (*Id.*, ¶ 9.) Mr. Ladin-Sienne, Mr. Collins, and Ms. Phe are all experienced in litigation, and their hourly rates for this matter are as follows: Mr. Ladin-Sienne ($320); Mr. Collins ($390); and Ms. Phe ($350). (*Id.*) There were other attorneys and timekeepers from time to time on this

case on a limited basis, none of which Tawkify has included in this motion—in an effort to reduce some fees.

These fees are well within the reasonable market rate for similar services from comparable law firms in the Los Angeles and Boston areas, and indeed reflect the "prevailing market rate" per se because they are the negotiated rate between Tawkify and Nelson Mullins for this matter. (*Id.*, ¶ 10.)

### 1. Tawkify Seeks its Attorney's Fees at Reasonable Hourly Rates

As set forth above, Tawkify seeks recovery for time spent by the attorneys and paralegals assigned to this matter. Mr. Graham is among a handful of attorneys who have worked on multiple actions for Tawkify. As a result, he has gained an in-depth knowledge of Tawkify's operations, litigation history, and the merits and facts underlying the merits in this instant action. Moreover, he was the lead attorney defending this matter since in or around late summer of 2020 and therefore has a high level of knowledge relating to the procedural history and facts of this matter. Mr. Graham supervises the other attorneys that assist on the matter, including Ms. Szeto, who is the primary associate assigned to this matter. Although Mr. Graham ultimately reports to Tawkify, he is the lead attorney responsible for deciding the overall strategy, for the appearances in depositions and oral arguments, and for finalizing and approving work product that is filed with the Court on a day-to-day basis. (Graham Decl., ¶ 13.) Ms. Szeto handled the day-to-day case management of the matter, conducted direct legal research and analysis, drafted work product as requested, and assisted in executing the overall strategy by delegating assignments amongst other attorneys and support staff. (*Id.*)

In total, Mr. Graham reasonably expended at least 493.1 hours ($252,607.50) litigating this case, and Ms. Szeto spent at least 628.4 hours ($267,932) litigating this case. (Graham Decl., ¶ 16.) In addition to Ms. Szeto and myself, Mr. Ladin-Sienne spent a total of 80.2 hours ($25,664) litigating this case, Mr. Collins spent a total of 421.4 hours ($161,799) litigating this case, and Ms. Phe spent a total of 23.2 hours ($8,120) litigating this case. (*Id.*) Further, Ms. Chan spent a total of 88.1 hours ($21,823) providing paralegal assistance to this case, and Ms. Fleeger spent a total of 154.6 hours ($38,650) providing paralegal assistance to this case. (*Id.*) A high-level summary of

their tasks and time spent on those tasks are itemized in the Graham Declaration as derived from contemporaneous time entries. (*Id.*, ¶ 18.)  Tawkify seeks reimbursement for such hours.

### 2. Tawkify Seeks Reimbursement for its Costs Reasonably Expended Litigating this Case

From the inception of the case until September 16, 2021 (the date judgment was entered), Tawkify incurred a total of at least $27,418.02 in costs. (*Id.* ¶ 17.)  This amount in costs include, without limitation, the amounts Tawkify paid for hearing and deposition transcripts and video, court filing fees, and the like. (Graham Decl., ¶ 17.)

### 3. It is Fair and Reasonable to Award Tawkify its Attorney's Fees and Costs Reasonably Expended Litigating this Case

This putative class action matter was complex and difficult, particularly given the many different concurrent filings and its reference to a rarely-cited-to-statute, the DSCA. This case therefore raised and resolved novel issues of first impression.  As discussed at length above, in an effort to avoid unnecessary and costly litigation, Tawkify offered Plaintiff several opportunities to jointly preserve the parties' and the Court's judicial resources, including by requesting a stipulation to stay the matter, seeking to arbitrate the matter, and seeking on multiple occasions to resolve the matter out of court. Plaintiff refused these reasonable requests, thereby resulting in Tawkify's increased expenditure of resources on this matter before it ultimately prevailed on summary judgment.

The amounts requested, while admittedly large, are fair and reasonable under the circumstances.  This is so because of the unique nature of the litigation and voluminous filings prompted by Plaintiff's recalcitrance (before and after suit), the evolving nature of Plaintiff's allegations and litigation tactics, the proposed class size (nationwide), the attempt to prematurely obtain class discovery, including the identities of thousands of unnamed putative class members to substitute or supplement the sole plaintiff (Stanfield) who lacked cognizable injury (in contravention of the Ninth Circuit's *Williams-Sonoma* decision), and the amount in controversy based on how Plaintiff—as the master of his complaint—chose to plead purported nationwide class claims.

Finally, Plaintiff is not indigent—as well-documented in materials properly filed under seal in connection with the summary judgment briefing—and he was presumably well aware of his

potential exposure for attorney's fees as demonstrated by his expressly alleging in his initial and amended complaints that the DSCA awards reasonable attorney's fees to the prevailing party. (*See* FAC, ¶¶ 5, 56, and Prayer for Relief.)  Nevertheless, he pressed on and assumed the risk that he could lose this case and therefore be subject to reasonable attorney's fees and costs.  He actively resisted Tawkify's several efforts to avoid costly litigation—both pre-suit and post-suit.  (Graham Decl., ¶ 20.)  He even wholly ignored multiple efforts by Tawkify to resolve this matter out of court as to his claims, which could have substantially reduced his exposure to attorney's fees and costs. (*Id.*)

## IV.   CONCLUSION

For all the foregoing reasons, Tawkify respectfully requests that the Court grant its Motion and award the reasonable fees and costs requested, or whatever amount the Court deems proper under the circumstances.  In light of additional proceedings the parties anticipate in connection with this motion and the parties' pending appeals, Tawkify expressly reserves the right to later seek to have the amounts granted, if any, updated to reflect additional reasonable attorney's fees and costs incurred in further disposing of this case and related motion and/or appellate practice.

Dated:  September 30, 2021           Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:     */s/ Jahmy S. Graham*
          Jahmy S. Graham
          Priscilla Szeto

          Attorneys for Defendant
          TAWKIFY, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, I electronically filed the forgoing with the Clerk of court using the CM/ECF system and I served a copy of the forgoing pleading on all counsel for all parties via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 30, 2021 at Torrance, California.

By: /s/ Jahmy S. Graham
    Jahmy S. Graham