UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY STANFIELD,

    Plaintiff,

    v.

TAWKIFY, INC.,

    Defendant.

No. C 20-7000 WHA

**ORDER GRANTING ATTORNEY'S FEES AND COSTS**

This order follows full briefing and a telephonic hearing on defendant's motion for attorney's fees and costs.

The Dating Services Contract Act, California Civil Code Section 1694.4, subdivision (c), provides:

> Any buyer injured by a violation of this chapter may bring an action for the recovery of damages in a court of competent jurisdiction. Judgment may be entered for three times the amount at which the actual damages are assessed. Reasonable attorney fees *may* be awarded to the prevailing party.

(emphasis added). Section 1694.4 grants discretion to courts to determine the extent to which attorney's fees should be awarded to the prevailing party. *See Jankey v. Lee*, 55 Cal. 4th 1038, 1046 (2012). The definition of "prevailing party" in California Civil Code Section 1032(a)(4) includes "a defendant in whose favor a dismissal is entered." Thus, the prior dismissal on the merits renders defendant the prevailing party under Section 1032(a)(4).

1    Defendant now seeks to recover $684,232 in attorney's fees (for 1,474.1 hours of
2    attorney work and 205 hours of paralegal work) as well as $20,367.21 in costs (Dkt. 121 at 3;
3    Dkt. 121-1 at 1–2, Graham Supp. Decl. ¶ 5, Exh. 4).

4    This order finds that plaintiff should pay a modest amount of the requested attorney's
5    fees to defendant. The DSCA serves to encourage consumers to enforce their statutory right to
6    certain disclosures against dating services that do not comply with the Act. For the most part,
7    plaintiff was not such a consumer. He received more back by way of refund than he deserved.
8    He was therefore overcompensated (Dkt. 114 at 1). Plaintiff should be required to pay for a
9    portion of the fees that defendant incurred in defending against this mostly meritless lawsuit.

10   "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on . . .
11   . 'the time spent and reasonable hourly compensation of each attorney . . . involved in the
12   presentation of the case.'" *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001) (quoting
13   *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)). The lodestar may be adjusted based on factors
14   including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in
15   presenting them, (3) the extent to which the nature of the litigation precluded other
16   employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id*. at 1132.

17   After considering these factors in light of a review of defense counsel's invoices,
18   timekeeping records, and experience, this order finds reasonable a $375 blended hourly rate. A
19   reasonable number of hours expended in this lawsuit is at least 600 hours (excluding hours of
20   work that did not result in the dismissal). This would result in a lodestar amount of at least
21   $225,000 in fees.

22   "To the extent a trial court is concerned that a particular award is excessive, it has broad
23   discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum*, 24
24   Cal. 4th at 1138. Defendant's request for at least $684,232 in attorney's fees represents a clear
25   overreach (Dkt. 118-1, Graham Decl. ¶¶ 16–17). This order finds appropriate a substantial
26   reduction rather than outright denial. It is true that this lawsuit lacked merit, but several facts
27   indicate that the fee request is inflated far beyond reason and should be reduced.

28

*First*, defendant did not litigate the case efficiently. The requested fees account for over 1,474 attorney hours litigating only a few claims, all of which revolved around defendant's alleged violation of the DSCA (Dkt. 121-1, Graham Supp. Decl. ¶ 5). Although plaintiff brought a putative class action, this matter did not reach a stage where class action discovery or motion practice was necessary. Plaintiff's counsel submitted declarations showing that defendant's fee request accounts for more than four times the hours spent by plaintiff's counsel on this lawsuit (Dkt. 120-1, Schreiber Decl. ¶ 8; Dkt. 120-10, Conn Decl. ¶ 6). Defending this lawsuit should not have been far more difficult than prosecuting it.

*Second*, defendant requested compensation for fees that are not recoverable because they cannot be attributed to defendant's success in this litigation. For instance, defendant sought fees in connection with its failed attempt to enforce its invalid arbitration provision, its unsuccessful motion to stay, and an appeal that it later abandoned (*see, e.g.*, Dkt. 121-1 at 33–41, 49–54, 59; Dkt. 118-1 at 77–89, 99, 103, 108–110, 113). Defendant would unreasonably foist these expenses on plaintiff.

*Third*, an award of attorney's fees to a defendant "should not subject the plaintiff to financial ruin." *Garcia v. Santana*, 174 Cal. App. 4th 464, 475 (2009). Plaintiff submits a declaration in support of the opposition to attorney's fees, which attests to his limited means to pay the requested award (Dkt. 120-13, Stanfield Decl. ¶ 6). Portions of plaintiff's declarations filed under seal lay out plaintiff's financial wherewithal (including his net assets) to establish his alleged inability to pay the requested fee amount (Dkt. 119-4, Stanfield Decl. ¶¶ 7–15). But plaintiff is not indigent (*ibid.*). His monthly income and his ability to spend $3,700.00 on a matchmaking service support the conclusion that plaintiff has the means to pay a portion of the requested attorney's fees (*id.* ¶¶ 8, 11). The complaint itself cites to Section 1694.4(c), which is the subsection of the DSCA that contains the fee-shifting provision (Dkt. 26, First Amd. Compl. ¶ 56). Thus, plaintiff was or should have been aware that he may be on the hook for defense counsel's fees if defendant were to prevail.

Nevertheless, as an individual consumer, plaintiff would be unjustly and disproportionately burdened by having to bear more than a modest sum in attorney's fees. The Court is convinced that there is fluff and overbilling and items that do not deserve to be compensated. But after making a downward adjustment, the resulting fees would still be at least $225,000. The Court is unwilling to impose that burden on plaintiff and wants to be clear about the true reason. The statute gives courts discretion in the award of attorney's fees under the DSCA. This order's exercise of discretion takes into account plaintiff's ability to respond to the award. The Court believes the award should not be so great that it deters other consumer plaintiffs who wish to exercise their rights under the DSCA but fear that they will be financially ruined by an attorney's fee award if they do not prevail.

Considering the reasonable hourly rate, the number of hours reasonable for securing success in this lawsuit, the downward multiplier for the inclusion of unreasonable requests, and plaintiff's financial position in comparison to that of defendant, this order finds that reasonable compensation for defense counsel's work is **$50,000 IN FEES**.

Contrary to plaintiff's assertion in his objection (Dkt. 124 at 1), defendant complied with Local Rule 54-1 because the substance of its bill of costs — appended to its motion for attorney's fees — was filed within fourteen days of entry of judgment (Dkt. 118). Neither our Local Rules, the FRCPs, nor the United States Code require that a defendant submit the bill of costs form provided by the Northern District of California (Form 133 on the court website) to preserve its ability to request costs. Defendant timely filed the motion for attorney's fees containing the substance of the requested costs, including a declaration as to costs and appended invoices. Plaintiff points out that the parties met and conferred after the filing of the motion for fees but before plaintiff filed its opposition. After conferring with plaintiff, defendant agreed to reduce the amount of costs as reflected in the bill of costs form appended to the reply. Defendant's willingness to negotiate the fee request downward does not waive its right to seek costs based on the filing deadline. Our Local Rules encourage such meet and confers before a party objects to its opponent's fee request. *See* LR 54-2(b).

However, a review of the requested costs shows that certain costs were improperly sought and must be excluded. The cost of expedited materials are not recoverable. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co*., No. 11-CV-01846-LHK, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014). Likewise, fees for filing are allowed, but nothing in our Local Rules, FRCP 54, or 28 United States Code Section 1920 suggests that the cost of *rush* filing is taxable. Further, Local Rule 54-3(c)(5) states that a reporter's attendance fee is taxable when a deposition witness fails to appear "if the claimant made use of available process to compel the attendance of the witness."

The above principles warrant excluding from the cost award three entries in the bill of costs. *First*, the cost award must exclude the $562.00 charge dated October 11, 2021 (which was lumped into the $1,031.45 amount under "Fees of The Clerk and For Service of Process" but comes from invoice No. 10348895) for an entry labeled "E-filing Rush" (Dkt. 121-1 at 36). *Second*, the cost award must exclude the invoice charge of $441.65 dated January 27, 2021 for an "expedited transcript" (*id.* at 58). *Third*, the cost award must exclude the $99.00 charge dated June 4, 2021 for "reporter attendance fees" because the declarations in support of defendant's motion and reply do not suggest that defendant made use of available process to compel attendance of its missing witness (*id.* at 161). These deductions reduce the cost award to **$19,264.56**.

Plaintiff shall pay **$50,000.00 IN FEES AND $19,264.56 IN COSTS** for a **TOTAL OF $69,264.56**. Plaintiff shall pay the award in installments of **$500 PER MONTH** until the award is paid off, but there will be no interest on the unpaid award.

**IT IS SO ORDERED.**

Dated: December 3, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE